**Roy Allen STEWART,
Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary Department of Corrections, State of Florida, Respondents-Appellees.**

**No. 86-5800.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 6, 1986.

Robin H. Greene, Sp. Asst. Public Defender, Coral Gables, Fla., for petitioner-appellant.

Calvin Fox, Asst. Atty. Gen. of Florida, Miami, Fla., for respondents-appellees.

Before HILL, KRAVITCH and ED-MONDSON, Circuit Judges.

## ORDER GRANTING STAY OF EXECUTION OF DEATH SENTENCE

Petitioner Stewart, under sentence of death is scheduled, pursuant to warrant, to be put to death by electrocution at 7:00 a.m. Eastern Standard Time on Tuesday, October 7. He appeals denial of relief by the district court on his petition for the writ of habeas corpus. He also moves that this court stay execution of the sentence.

The district judge denied habeas corpus relief with a detailed opinion. However, thereafter the district judge granted appellant's motion for a certificate of probable cause to appeal.

Local Rule 30 of the rules for the Eleventh Circuit Court of Appeals governs our response to the motion for stay. Rule 30(a)(7) reads as follows:

> (7) If a certificate of probable cause is granted by the district court or by this court, the panel shall grant a temporary stay pending consideration of the merits of the case if necessary to prevent mooting the case; provided, however, the panel may, after hearing, deny a stay if it makes written findings that:
>
> (i) the appeal is frivolous, or is lacking any factual basis in the record, or is squarely foreclosed by statute, rule, or authoritative court decision; or
>
> (ii) the petition is successive, and the requirements for dismissal are met.

In view of the fact that the district court has issued a certificate of probable cause to appeal, unless this court can, after full hearing, find that the appeal is frivolous or

lacking any factual basis in the record or is squarely foreclosed by statute, rule or authoritative court decision, we must grant a stay so that the appeal can be fully considered.

The premises considered, IT IS ORDERED THAT

1) Execution of the sentence of death upon petitioner is STAYED until further order of the court.

2) The Clerk shall give immediate notice to all parties and those government officials of the State of Florida required to be notified of such a stay.

HILL, Circuit Judge, specially concurring:

I concur in the stay for the reasons stated in the order.

I write separately to suggest that, until further instruction by the Supreme Court, execution of death sentences should be stayed. The Court has granted certiorari in *McCleskey v. Kemp*, —— U.S. ——, 106 S.Ct. 3331, 92 L.Ed.2d 737 (1986) (granting certiorari), and in *Hitchcock v. Wainwright*, —— U.S. ——, 106 S.Ct. 2888, 90 L.Ed.2d 976 (1986) (granting certiorari). In those cases, the petitioners assert that the people and institutions of Georgia (McCleskey) and of Florida (Hitchcock) are inadequate to constitutionally administer the death penalty. The petitions in those cases somewhat resemble claims of the unconstitutional *application* of a constitutional law,[1] but they do not assert any particularized, individual, intentional discrimination inflicted upon either petitioner. *See Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). Rather, the petitions appear to me to assert that "government, created and run as it must be by humans, is inevitably incompetent to administer" the death penalty. *See Gregg* 428 U.S. at 228, 96 S.Ct. at 2971, 49 L.Ed.2d 904 (White, J., concurring.)

---

1. Georgia's death penalty statute is constitutional, *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), as is Florida's, *Proffitt v.*

*Florida*, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 213 (1976).

This court rejected petitioners' claims to the writ of habeas corpus so premised. *McCleskey v. Kemp,* 753 F.2d 877 (11th Cir.1985) (en banc); *Hitchcock v. Wainwright,* 770 F.2d 1514 (11th Cir.1985) (en banc). The Supreme Court has granted review of those cases. Should petitioners prevail, execution of the death penalty will be unconstitutional if administration of it be by a government created and run by humans.

While that issue is under consideration by the Court, it may well be that all death sentence executions should be stayed.

